Opinion issued May 1, 2003
 
 
In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-00995-CV
NO. 01-01-00996-CV
____________

JOHN F. BASS, Appellant

V.
 
REBECCA D. BASS, Appellee




On Appeal from the 328th District Court 
Fort Bend County, Texas
Trial Court Cause No. 01-CV-120459 

 
 
O P I N I O N
          These are interlocutory appeals that relate to an appeal decided by this Court
on June 6, 2002 under Cause No. 01-00-00745-CV.
          In Cause No. 01-00-00995-CV, appellant, John F. Bass (Husband), asks us to
dissolve a temporary injunction.


 The injunction concerned assets of Husband and
was entered on the motion of appellee, Rebecca D. Bass (Wife), but while Husband’s
appeal of their final, default decree of divorce was still pending before this Court,
although under a new trial-court cause number that differs from that decree. 
Husband’s three issues challenge the validity of the temporary injunction. Husband
claims this Court retained exclusive jurisdiction over the property of the marital
estate, despite Wife’s having sought relief under a new cause number, and also claims
the trial court erred by not requiring Wife to post a bond because she and Husband
were no longer married when she requested injunctive relief. We declare the
temporary injunction void and dismiss the appeal in Cause No. 01-01-00995-CV.
          In Cause No. 01-01-00996-CV, Husband asks us to vacate an order granting
Wife’s motion to appoint a receiver.


 This order was also entered while Husband’s
appeal of their final, default decree of divorce was still pending in this Court, but
under a new trial-court cause number that differs from that decree. Husband
challenges the receivership by two issues. He contends the trial court had no
jurisdiction to appoint a receiver over assets encompassed by the decree currently on
appeal before this Court and therefore erred by denying Husband’s motion to dismiss
the newly filed cause. We declare the order appointing a receiver void and dismiss
the appeal in Cause No. 01-01-00996-CV.
Background
          The trial court signed a final, default decree of divorce on December 21, 1999. 
This decree dissolved the marriage between Husband and Wife and divided the
property of their marital estate by awarding virtually all of the marital estate to Wife. 
In addition, Wife was awarded substantial damages for her tort claims. 
          With respect to the division of the property of the marital estate, the decree
contained the following provisions for funds awarded Wife that had been held in
Husband’s name:
W-4.All funds in the name of JOHN F. BASS including funds
on deposit, together with accrued but unpaid interest, in banks, savings
institutions, or other financial institutions, which are subject to JOHN
F. BASS’s sole control.
          . . . 

The decree also contained a concluding “default” paragraph with respect to the
marital estate:
IT IS ORDERED AND DECREED that any assets of the parties
not awarded or divided by this Final Decree of Divorce are subject to
future division as provided by the Texas Family Code.

No postjudgment motions were filed following this decree. 
          On June 13, 2000, just short of six months after the trial court signed the final,
default decree, Husband timely perfected an appeal by filing a notice of restricted
appeal. We docketed Husband’s restricted appeal under Cause No. 01-00-00745-CV,
styled John F. Bass, appellant v. Rebecca D. Bass, appellee. 
          On July 5, 2001, our initial opinion and judgment issued in Cause No. 01-00-00745-CV. We held that Husband had established error on the face of the record in
his restricted appeal of the final, default decree of divorce, due to his inability to
obtain a reporter’s record of the evidence submitted to the trial court in support of
Wife’s claims for unliquidated damages. Consistent with this holding, we reversed
the final, default decree of divorce and remanded the cause for a new trial. On July
20, 2001, Wife moved for rehearing of Cause No. 01-00-00745-CV, claiming, in part,
that we erred by reversing the portion of that decree that dissolved her marriage to
Husband. 
          On August 28, 2001, while her motion for rehearing of Cause No. 01-00-00745-CV was still pending in this Court, Wife filed an “Original Petition to Enjoin
Community Assets” in the trial court. Although filed under a new number, Cause No.
01-CV-120459, the petition retained the style of the original divorce petition, i.e., In
the Matter of the Marriage of Rebecca D. Bass and John F. Bass. Wife requested
temporary and permanent injunctive relief pertaining to assets and property of
Husband described as Cayman Island accounts, identified by specific account and
portfolio numbers, and real property described as four different condominium units
in Puerto Aventuras, Quintana Roo, Mexico. On the same day, Wife filed an
“Emergency Ex Parte Motion for Appointment of Receiver” to take charge of and
manage the same accounts and property. 
          On August 29, 2001, the trial court conducted a hearing on Wife’s petition and
signed a temporary restraining order granting the requested relief. On September 7,
2001, the trial court signed an additional order that denied Husband’s motion to
dismiss for lack of jurisdiction, in which he claimed the pendency of Cause No. 01-01-00745-CV in this Court deprived the trial court of jurisdiction to grant relief to
Wife. 
          After conducting an additional hearing on September 11, 2001, the trial court
signed an order, dated the next day, which granted Wife’s request for temporary
orders and enjoined Husband’s access to the property and accounts identified in
Wife’s petition. The same order denied Husband’s plea in bar or, alternatively,
motion to dismiss for lack of jurisdiction. Husband filed his notice of interlocutory
appeal from that order three days later. 
          On September 18, 2001, Wife filed an emergency, ex parte motion asking the
trial court to reconsider appointing a receiver. The trial court granted this motion the
same day and signed a corrected order for ex parte appointment of receiver the next
day. Husband filed his notice of appeal from that order on October 1, 2001.
          On June 6, 2002, we issued our opinion on Wife’s motion for rehearing in
Cause No. 01-00-00745-CV. We concluded we erred by reversing the portion of the
final, default decree of divorce that dissolved Husband’s and Wife’s marriage, but
again concluded that Husband had otherwise demonstrated error on the face of the
record in his restricted appeal, and therefore reversed the remainder of the final,
default decree of divorce and remanded the cause. 
Trial Court’s Jurisdiction to Enter September 12 and 19, 2001 Orders
          In his appeals from the temporary injunction and from the order appointing a
receiver, Husband’s first issue challenges the trial court’s jurisdiction to order either
relief. Husband contends the trial court lacked jurisdiction because this Court
retained plenary power over Husband’s and Wife’s marital assets, in that Husband’s
restricted appeal from the final, default decree, which affected those assets, was still
pending in this Court when Wife sought the relief awarded by the September 12 and
19, 2001 orders. Husband further contends Wife did not defeat this Court’s plenary
power over the assets of her and Husband’s marital estate by requesting relief under
a new cause number. 
A.      Plenary Power
          1.       The Trial Court’s Plenary Power—Expired on January 20, 2000 
          If no party to a judgment files a motion that extends the trial court’s plenary
power, the trial court loses plenary power over the judgment 30 days after the
judgment is signed. Tex. R. Civ. P. 329b(d), (e); Tex. R. App. P. 26.1(a)(1),(3); Bd.
of Trustees v. Toungate, 958 S.W.2d 365, 367 (Tex. 1997). No postjudgment motions
were filed after the trial court signed the final, default decree of divorce that dissolved
the marriage between Husband and Wife and divided the property of their marital
estate. Accordingly, the trial court lost plenary power over that decree on the thirtieth
day after December 21, 1999, specifically, on January 20, 2000. See id. On June 13,
2000, Husband timely perfected his appeal from that decree by filing a notice of
restricted appeal. 
          2.       This Court’s Plenary Power—Acquired on June 13, 2000 
          A court of appeals acquires appellate jurisdiction over all parties to the
judgment or order challenged once any party perfects an appeal by filing a notice of
appeal. Tex. R. App. P. 25.1(b). This Court acquired jurisdiction over trial-court
Cause No. 99,675 on June 13, 2000, under appellate Cause No. 01-01-00745-CV,
when Husband filed his notice of restricted appeal. 
          A court of appeals retains plenary power over the cause for 60 days after
issuing its judgment, unless a party timely files a motion for rehearing or motion to
extend time to file a motion for rehearing. See Tex. R. App. P. 19.1. This Court’s
plenary power over trial-court Cause No. 99,675 continued when Wife timely filed
her motion for rehearing of this Court’s opinion of July 5, 2001 in appellate Cause
No. 01-01-00745-CV. A court of appeals continues to retain plenary power over a
cause for 30 days after all timely filed motions for rehearing or motions to extend
time to file motions for rehearing are overruled. See id. If, in deciding a motion for
rehearing, a court of appeals modifies or vacates its prior judgment, or issues a new
judgment, or issues an opinion overruling a motion for rehearing, a party may file a
further motion for rehearing. Tex. R. App. P. 49.5; see Havner v. E-Z Mart Stores,
Inc., 825 S.W.2d 456, 458 (Tex. 1992). 
          Our opinion on motion for rehearing, issued in Cause No. 01-00-745-CV on
June 6, 2002, vacated our opinion and judgment of July 5, 2001 and issued a new
opinion and judgment, thus triggering a new deadline for purposes of rule 19. See
Tex. R. App. P. 49.5; 19.1; cf. Rodriguez v. State, 28 S.W.3d 25, 26 (Tex.
App.—Houston [1st Dist.] 2000, no pet.) (holding that this Court lacked jurisdiction
to consider second motion for rehearing because plenary power expired 30 days after
denying motion for rehearing without opinion and, thus, without modifying or
vacating prior judgment or issuing a new opinion). Because no party filed a motion
for rehearing, this Court lost plenary power over Cause No. 01-00-00745-CV on
August 6, 2002. See Tex. R. App. P. 19.1(a).
B.      Temporary Orders - Family Code Section 6.709 
          Section 6.709, in Subchapter H of Chapter 6 of the Family Code, governs the
trial and appeal of suits for dissolution of marriage. Section 6.709 creates a narrow
exception that permits the trial court to render orders to preserve property of the
marital estate or protect the parties pending appeal. Tex. Fam. Code Ann. § 6.709
(Vernon 1998); see In re Boyd, 34 S.W.3d 708, 711 (Tex. App.—Fort Worth 2000,
orig. proceeding). On the motion of either party or on the court’s own motion and
after notice and hearing, but “[n]ot later than the 30th day after the date the appeal is
perfected,” the trial court “may render a temporary order necessary for the
preservation of the property and for the protection of the parties during the appeal .
. . .” Tex. Fam. Code Ann. § 6.709. The same statute empowers the trial court to
retain jurisdiction to enforce any temporary orders entered, unless the appellate court
supersedes these orders on a proper showing. Id. 
          The trial-court orders that Husband challenges here served to preserve property
that Wife claimed was part of Husband’s and Wife’s marital estate, but that was not
disclosed by Husband in the divorce proceeding. One of these orders, the injunction,
was actually styled “Temporary Orders.” The trial court did not sign those orders,
however, by the 30th day after June 13, 2000, when Husband perfected his original
appeal of the final, default decree of divorce that divided the marital estate. Rather,
the challenged orders were signed approximately 15 months after Husband perfected
his original appeal. Although entered to preserve the marital estate, as contemplated
by section 6.709, the orders cannot qualify as temporary orders rendered under
section 6.709 of the Family Code because the deadline set by that statute had long
passed. See Grossnickle v. Grossnickle, 935 S.W.2d 830, 850 (Tex.
App.—Texarkana 1996, writ denied);


 Hare v. Hare, 786 S.W.2d 747, 748 (Tex.
App.—Houston [1st Dist.] 1990, no writ). 
C.      Trial Court—No Jurisdiction to Enter September 12 and 19, 2001 Orders
          In rejecting Husband’s jurisdictional challenge to both the temporary injunction
and the order appointing a receiver, Wife claims the trial court properly exercised
jurisdiction under a new cause number in both instances because Husband did not
disclose, in the original divorce action, the assets Wife sought to preserve by the
orders Husband challenges here. Wife relies on Busby v. Busby, 457 S.W.2d 551
(Tex. 1970) and Mayes v. Stewart, 11 S.W.3d 440 (Tex. App.—Houston [14th Dist.]
2000, writ denied), as authorizing her right to seek recourse from the trial court
concerning the undisclosed assets. 
          We disagree that Busby and Mayes apply. Both cases recognize well-settled
law that an action for partition under section 23.001 of the Property Code may be
proper when a final divorce decree that purported to divide marital property did not
expressly provide for certain property of that marital estate. Busby, 457 S.W.2d at
554-55; Mayes, 11 S.W.3d at 448; see Koepke v. Koepke, 732 S.W.2d 299, 300 (Tex.
1987); Tex. Prop. Code Ann. § 23.001 (Vernon 2000). Partition under the Property
Code was appropriate in those cases to divide undivided property which, because it
was not divided, became vested in the divorced parties as tenants in common. Busby,
457 S.W.2d at 554-55; Mayes, 11 S.W.3d at 448; see Goetz v. Goetz, 567 S.W.2d
892, 893 (Tex. Civ. App.—Dallas 1978, no writ). 
          In contrast to this controversy, however, the original divorce decrees in Busby
and Mayes, which had purported to divide, but had not divided, the marital estate of
the parties, had long become final in the respective trial courts. See Busby, 457
S.W.2d at 552 (four years between original divorce decree and petition for partition
of disability retirement benefits); Mayes, 11 S.W.3d at 447 (three years between
original divorce decree and petition for partition of fraudulently concealed lottery
proceeds); see also Koepke, 732 S.W.2d at 300 (holding that omission of certain
community property from divorce decree did not affect finality of decree); Goetz, 567
S.W.2d at 895 (holding, based on appeal and remand of property division, that trial
court did not err by applying marital property division standards on remand, rather
than standards applicable to suits for partition). In the case before us, the trial court
entered the orders Husband challenges while this Court still had jurisdiction over the
final, default decree of divorce in Husband’s restricted appeal of that decree in Cause
No. 01-00-00745-CV. 
          More importantly, Wife’s reliance on Busby and Mayes to contend that
partition under the Property Code is proper, conflicts with her contentions on appeal
in Cause No. 01-00-00745-CV as well as her preliminary contentions in these
appeals. In her appellee’s brief filed in response to Husband’s restricted appeal in
Cause No. 01-00-00745-CV, Wife referred to the Cayman Island accounts that
prompted the orders we have been asked to address in the interlocutory appeals as
follows: 
[Husband] deliberately ignored the pending divorce proceedings
(including the trial setting) until [Wife] located substantial assets
allegedly belonging to [Husband] in the Cayman Islands in Spring 2000. 
That is why [Husband] filed the Notice of Restricted Appeal on June 13,
2000. 

By claiming that Husband filed the restricted appeal of the decree because Wife
discovered assets, Wife impliedly recognized that the decree encompassed those
assets. The affidavit Wife’s attorney offered in support of the injunction challenged
here also takes the position that the original default decree encompassed the Cayman
Island accounts. This affidavit states that Wife located the assets and obtained an
injunction from a Cayman Islands court, which froze the cash assets based on the
divorce decree. Moreover, in response to questions posed to her by Husband’s
counsel during the September 11, 2001 hearing, the second of the two hearings we
have before us now, Wife stated that, in the new trial we ordered on remand in Cause
No. 01-00-00745-CV, she would include the Cayman Islands accounts and the
condominium units in Mexico in the assets she would ask the trial court to divide
anew. These contentions by Wife, which the dissenting opinion does not
acknowledge, are at odds with a request for partition of undivided assets. 
          Most importantly, despite Wife’s having sought the relief she obtained here
under a new cause number, we cannot construe her petitions as seeking to partition
undivided assets under the Property Code, but as requesting injunctive relief
pertaining to certain community assets and the appointment of a receiver over those
assets under the Family Code. Both petitions invoked the temporary relief
contemplated by section 6.709 of the Family Code, while disregarding the “not later
than the 30th day after the appeal is perfected” provision of that statute. Tex. Fam.
Code Ann. § 6.709. Likewise, in granting Wife relief after plenary power under that
statute had expired, the trial court’s orders grant relief that is contemplated by section
6.709 and that would have been appropriate under section 6.709 had it been requested
timely. See id. The first of these orders even bears the title, “Temporary Orders.” 
          The final, default decree of divorce in trial-court Cause No. 99,675 did not
specifically identify the property encompassed by the trial court’s temporary
injunction and ex parte order appointing a receiver over those assets, i.e., the Cayman
Island accounts or the four different condominium units in Puerto Aventuras,
Quintana Roo, Mexico. That decree did dispose, however, of “all funds” in
Husband’s name, and thus disposed of the Cayman Island accounts. It is well-settled
that lack of “express language of divestiture” of an asset is not dispositive of whether
a court considered and divided an asset. See Wilde v. Murchie, 949 S.W.2d 331, 333
(Tex. 1997); see also Stephens v. Marlowe, 20 S.W.3d 250, 253-55 (Tex.
App.—Texarkana 2000, no pet.) (rejecting, in partition action filed after divorce
decree, husband’s contention that settlement proceeds of lawsuit affecting wife’s
retirement benefits were not divided by divorce decree because decree’s catch-all
provision unambiguously awarded former wife “any and all sums” relating to her
retirement benefits and “any other rights” related to those benefits). As Stephens
recognizes, broad language in a decree, like “all funds” in the final, default decree of
divorce here, can encompass a disposition of property of which the trial court was
unaware in entering the decree. Id. at 254. We disagree, therefore, with the
dissenting opinion’s contention that the final, default decree of divorce “did not
consider, contemplate, or purport to dispose of” the “newly-discovered” Cayman
Island accounts. 
          Moreover, the final, default decree of divorce specified that, “any assets of the
parties not awarded or divided” by the decree would be “subject to future division as
provided by the Texas Family Code.” Having determined, erroneously, we believe,
that the decree failed to dispose of any of the assets that Wife now contends were
“newly discovered,” the dissenting opinion focuses on the “future division” provision
of the decree and opines that Wife has a remedy under section 9.203(a) of the Family
Code. See Tex. Fam. Code Ann. § 9.203(a) (Vernon 1997). But as the treatise on
which the dissenting opinion relies recognizes, Wife’s remedy under section 9.203(a)
contemplates a “postdivorce suit.” 39 Aloysius A. Leopold, Texas Practice: 
Marital Property & Homesteads § 20.19 (1993); see also id. (Supp. 2002)
(annotations addressing Wilde and Stephens, both partition suits). We conclude that,
despite assigning a new cause number to her petition in this cause, Wife’s request for
relief was not a postdivorce suit for partition, but a request for temporary relief in
connection with the property division under the final, default decree of divorce, as
contemplated by section 6.709 of the Family Code. 
          As we have addressed above, the trial court lost plenary power over the
property disposition described above on January 20, 2000. When Husband appealed
to this Court, we acquired plenary power over that disposition and continued to retain
plenary power over that disposition when the trial court ordered the relief Husband
challenges here. Because this Court retained plenary power over that disposition of
Husband’s and Wife’s marital estate, the trial court had no jurisdiction to enter any
temporary orders affecting that estate. 
Consequences of Trial Court’s Plenary Power’s Expiring 
and This Court’s Retaining Plenary Power: Dismissal of Appeal

          Judicial action taken after a trial court’s plenary power has expired is void. See
State ex. rel Latty v. Owens, 907 S.W.2d 484, 486 (Tex. 1995); see also Mapco, Inc.
v. Forrest, 795 S.W.2d 700, 703 (Tex. 1990) (defining a void judgment as one
rendered when a court has no jurisdiction over the parties or subject matter, no
jurisdiction to render judgment, or no capacity to act as a court); In re T.G., 68
S.W.3d 171, 177 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). A party
affected by void judicial action need not appeal. State ex rel. Latty, 907 S.W.2d at
486; In re T.G., 68 S.W.3d at 177. If an appeal is taken, however, as occurred here,
the appellate court must dismiss the appeal, but may, in addition, declare void any
orders the trial court signed after losing plenary power over the case. See State ex rel.
Latty, 907 S.W.2d at 486; In re T.G., 68 S.W.3d at 177. 
          Here, despite having lost plenary power over the December 21, 1999 final,
default decree of divorce on January 20, 2000, the trial court signed the order
temporarily enjoining Husband’s access to assets on September 12, 2001, and signed
an order appointing a receiver over those assets on September 19, 2001. As
addressed above, the assets addressed by those orders were encompassed by the final,
default decree of divorce in trial-court Cause No. 01-CV-120459, which was pending
on appeal in this Court when the trial court signed those orders. Seeking relief under
a different trial-court cause number did not change the relief Wife was seeking from
the trial court, namely, temporary orders for preserving community property pending
appeal. To the extent that the trial court may have relied on section 6.709 of the
Family Code in granting relief, the 30-day, post-perfection-of-appeal time limit under
that statute had long passed. Therefore, the trial court lacked jurisdiction to enter the
September 12 and 19, 2001 orders.
          For these reasons, we sustain Husband’s first issue challenging the orders the
trial court signed on September 12, 2001 and September 19, 2001, and declare those
orders void. Because the first issue in each appeal is dispositive, we must dismiss the
appeals without addressing Husband’s remaining issues.



Conclusion
          We declare void the temporary injunction signed by the trial court on
September 12, 2001 and dismiss the appeal in Cause No. 01-01-00995-CV. We
declare void the order appointing a receiver signed by the trial court on September 19,
2001 and dismiss the appeal in Cause No. 01-01-00996-CV.





     Tim Taft
     Justice

Panel consists of Justices Taft, Alcala, and Mirabal.




Justice Mirabal, dissenting.