Willie Thornton v. State of Texas










 





IN THE
TENTH COURT OF APPEALS
 

No. 10-01-00027-CV


     DAWN NELSON
                                                                         Appellant
     v.

     JOHN E. WILLIAMS, JR.
                                                                         Appellee
 

From the 311th District Court
Harris County, Texas
                                       Trial Court # 99-14151A
                                                                                                                
                                                                                                         
MEMORANDUM OPINION
                                                                                                                

      Appellant Dawn Nelson appeals from a summary judgment in favor of her former
husband, John E. Williams, Jr.
General Background
      Nelson sued her attorneys, her accountant, her former husband, and their firms on several
grounds arising out of a settlement agreement in her divorce from Williams. She also sought
an equitable bill of review. Williams filed a counterclaim and moved for summary judgment. 
The trial court ordered that two threshold issues—whether the original divorce decree was
rendered as a result of extrinsic fraud by Williams and whether there was any fault or
negligence attributable to Nelson—be tried prior to other issues in the case. After considering
Williams’s summary judgment motion, the trial court granted a partial summary judgment on
all claims asserted against him by Nelson. To finalize the judgment for appeal, Williams’s
counterclaim was severed by agreement.



Assertions in the Bill of Review
      Williams is a licensed Texas attorney and one of five lawyers retained by the State of
Texas to represent its interests in a lawsuit against a number of tobacco companies. Nelson
alleged that one day after the entry of the decree of divorce, a major tobacco company settled
with twenty-two plaintiff States, which in turn directly led to the settlement of the Texas case. 
Williams’s contingent-based fee was alleged to be in excess of $200,000,000. Nelson further
alleged that immediately prior to her agreement to settle on a division of community property,
Williams threatened to close down his law practice and render it worthless if Nelson insisted
on having an appraisal of the law firm’s value. Nelson contends she had no choice but to agree
to the settlement and that Williams’s actions and knowledge prevented her from presenting a
meritorious claim in the divorce. She also alleged that Williams misrepresented to her the
value of his interest in his law firm.
 

Requisites for a Successful Bill of Review
      A bill of review is an independent equitable action brought by a party to a former action
seeking to set aside a judgment which is no longer appealable or subject to a motion for new
trial. Baker v. Goldsmith, 582 S.W.2d 404, 406 (Tex. 1979). Because according finality to
judgments is a matter of fundamental importance, bills of review seeking relief from final
judgments are scrutinized with “extreme jealousy, and the grounds on which interference will
be allowed are narrow and restricted.” Montgomery v. Kennedy, 669 S.W.2d 309, 312 (Tex.
1984). The three elements necessary to set aside the prior judgment are: (1) a meritorious
claim or defense to the cause of action alleged to support the judgment; (2) an excuse justifying
the failure to make the defense which is based on extrinsic fraud, accident, or wrongful act of
the opposing party; and (3) an excuse unmixed with the fault or negligence of the plaintiff. 
Ortega v. First RepublicBank Fort Worth, 792 S.W.2d 452, 453 (Tex. 1990); Beck v. Beck,
771 S.W.2d 141, 141 (Tex. 1989). Thus, relief by bill of review is available only if a party
has exercised due diligence to pursue all adequate legal remedies against a former judgment
and through no fault of her own, no adequate legal remedy was available. Tice v. City of
Pasadena, 767 S.W.2d 700, 702 (Tex. 1989). A bill of review is designed to prevent manifest
injustice, but the fact that an injustice may have occurred is not sufficient cause to justify relief
by a bill of review. Alexander v. Hagedorn, 226 S.W.2d 996, 998 (Tex. 1950).
Standard of Review - Summary Judgment
      The standards for reviewing a summary judgment are well established. Nixon v. Mr.
Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985). The movant has the burden of
showing that no genuine issue of material fact exists and that he is entitled to the summary
judgment as a matter of law. Id. The reviewing court must accept all evidence favorable to
the non-movant as true. Id. at 548-49. Every reasonable inference must be indulged in favor
of the non-movant and all doubts resolved in her favor. Id. at 549. A defendant who
conclusively negates at least one of the essential elements of a cause of action is entitled to a
summary judgment as to that cause of action. Randall's Food Mkts., Inc. v. Johnson, 891
S.W.2d 640, 644 (Tex. 1995) (citing Wornick Co. v. Casas, 856 S.W.2d 732, 733 (Tex.
1993), and Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970)).
Issues on Appeal
      Nelson presents three issues on appeal:
1. Did the trial court err in granting summary judgment in favor of Williams on
Nelson’s bill of review cause of action?
 
2. Did the trial court err in granting summary judgment without allowing Nelson
to obtain relevant discovery?
 
3. Did the trial court err in granting summary judgment on Nelson’s fiduciary
duty, fraud, civil conspiracy, and negligence claims based on the doctrines of res
judicata or release?

      Finding the summary judgment proper, we will affirm.
Bill of Review - Fault or Negligence
      If, as Williams asserts in his motion for summary judgment, Nelson’s fault or negligence
was proven as a matter of law, he has successfully negated one element of her claim and
summary judgment is proper. See id. We have reviewed the summary judgment evidence
under the standards set forth above and find that the evidence conclusively establishes that
Nelson failed to exercise due diligence at the time of the division of community property in the
divorce. See id.; Tice, 767 S.W.2d at 702; see also Ridenour v. Herrington, 47 S.W.3d 117,
120 (Tex. App.—Waco 2001, pet. denied) (citing Triton Oil & Gas Corp. v. Marine
Contractors & Supply, Inc., 644 S.W.2d 443, 446 (Tex. 1982) (“A matter is conclusively
established if ordinary minds could not differ as to the conclusion to be drawn from the
evidence.”)).
      We overrule issue one.
The Discovery Order
      In issue two, Nelson contends the trial court erred without allowing adequate discovery
before acting on her bill of review. We review a trial court’s ruling on matters of discovery
for an abuse of discretion. Templeton v. Dreiss, 961 S.W.2d 645, 663 (Tex. App.—San
Antonio 1998, pet. denied).
      The question before the court on summary judgment was not the value of the community
property prior to the divorce decree, but instead whether Williams had conclusively established
his right to a summary judgment. Therefore, the court could have determined that matters
sought by Nelson in discovery were not relevant to the threshold issues presented in the bill of
review. Under these circumstances, we find no abuse of discretion. See Markham v.
Diversified Land & Exploration Co., 973 S.W.2d 437, 441 (Tex. App.—Austin 1998, pet.
denied) (holding that discovery sought was not relevant to the matters at issue in the bill of
review).
      We overrule the second issue.
 

Nelson’s Remaining Claims
      Nelson’s final issue alleges the trial court erred in granting summary judgment on her
claims of breach of fiduciary duty, fraud, civil conspiracy and negligence. These claims were
pled separate from Nelson’s bill of review, but concern similar allegations of misconduct by
Williams relating to community property maintained prior to the entry of the divorce decree. 
Williams sought summary judgment on these claims on the grounds of res judicata and release.
      Res judicata precludes the relitigation of claims that have been finally adjudicated or that
arise out of the same subject matter and could have been raised and litigated in the prior action. 
Martin v. Martin, Martin & Richards, Inc., 989 S.W.2d 357, 358 (Tex. 1998). Res judicata
applies to a final divorce decree to the same extent that it applies to any other final judgment. 
Baxter v. Ruddle, 794 S.W.2d 761, 763 (Tex. 1990). The elements of res judicata are: (1) a
prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties
or those in privity with them; and (3) a second action based on the same claims as were raised
or could have been raised in the first action. Amstadt v. U.S. Brass Corp., 919 S.W.2d 644,
652 (Tex. 1996). Where community property is not divided as part of an agreed judgment in
a divorce proceeding, res judicata does not apply. See Stephens v. Marlowe, 20 S.W.3d 250,
252 (Tex. App.—Texarkana 2000, no pet.). However, all of the claims maintained by Nelson
concern the value of the community estate prior to divorce judgment and could have been
raised in that proceeding. We find no error in the trial court’s disposition of these claims by
summary judgment on the ground of res judicata.
      We need not address Williams’s alternative argument that Nelson’s claims are also barred
by the written release she entered in the original divorce proceeding. See Star Telegram, Inc.
v. Doe, 915 S.W.2d 471, 473 (Tex. 1995) (when a trial court’s order granting summary
judgment does not specify the ground, summary judgment will be affirmed if any of the
theories advanced are meritorious).
      We overrule issue three.
Conclusion
      Having overruled all of Nelson’s issues, we affirm the trial court’s summary judgment.



                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
      (Chief Justice Gray dissenting)
Affirmed
Opinion delivered and filed March 24, 2004

[CV06]