In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00117-CV

                                                ______________________________

 

 

GEORGE
WESLEY FISHER, INDEPENDENT EXECUTOR OF THE ESTATE OF WILMER GIDDENS, DECEASED
AND INDIVIDUALLY, Appellant

 

                                                                V.

 

ESTATE OF JOHNNIE HUE
GIDDENS, BENNIE J. NELSON, AS ADMINISTRATOR AND INDIVIDUALLY, Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the 102nd
Judicial District Court

                                                             Bowie County, Texas

                                                      Trial Court No. 10C0638-102

 

                                                                                                  


 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            George
Wesley Fisher, independent executor of the estate of Wilmer Giddens, deceased,
and individually, filed his notice of appeal from the trial court’s judgment
quieting title on November 1, 2010.  

            Fisher has
not paid a filing fee and is not indigent. 
See Tex. R. App. P. app. C(B)(1).

 

            Further, the
clerk’s record was filed January 4, 2011, and the reporter’s record was due to
be filed on or before February 22, 2011. 
Appellant is not indigent, and is thus responsible for paying or making
adequate arrangements to pay the reporter’s fees for preparing the record.  See
Tex. R. App. P. 37.3.  On March 30, 2011, we contacted appellant by
letter, reminding him that the record was over thirty days past due, and
warning that if a reporter’s record was desired, appellant must make a
substantial and tangible effort to obtain such a record within ten days of the
date of our letter.  

            We also
informed appellant that if he did not desire to file a reporter’s record, the
appellant’s brief was due based solely on the clerk’s record, and his brief was
due within thirty days of our letter.  We
further warned appellant that if no response was received, the appeal would be
subject to dismissal for want of prosecution. 
Tex. R. App. P. 42.3(b),
(c).

 

 

 

 

            We have
received no communication from appellant. 
Pursuant to Tex. R. App. P.
42.3(b), we dismiss this appeal for want of prosecution.

            

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          May
18, 2011

Date Decided:             May
19, 2011

 

 

 

 






>, 811 S.W.2d 542, 545 (Tex. 1991); Great N. Am. Stationers, Inc. v. Ball, 770 S.W.2d 631 (Tex.
App.—Dallas 1989, writ dism’d). 
Otherwise, a party must affirmatively set forth the argument pursuant to
Rule 94 of the Texas Rules of Civil Procedure and must raise the issue at
trial, or else it is waived.  See Gorman, 811 S.W.2d at 546; see also Tex. R. App. P. 33.1(a).

            Here,
Diane argues that ERISA applies and that, under its provisions, she is entitled
to the remainder of R.V.’s employee savings plan.  Diane’s claim involves participants’ and
beneficiaries’ rights and contract construction and falls under ERISA’s grant
of jurisdiction to the state courts.  See 29 U.S.C.A. §§ 1055(c)(2),
1132(a)(1)(B), (e) (West, Westlaw through 2011).  Under such an argument, ERISA would not
operate to deprive the state trial court of jurisdiction.  Rather, ERISA would merely alter the law that
the court would apply to the case.  Had
ERISA’s applicability been raised before the trial court, the resulting issue
would concern a potential conflict between the Texas law of community property
and the federal law of beneficiaries, assignment, and alienation under ERISA.[4]  But Diane’s failure to assert ERISA at trial
waives the argument, and ERISA issues with respect to the distribution of the
savings plan funds were not preserved for our review.  See
Tex. R. App. P. 33.1(a).

(2)        The Decree Left the
Corpus Undivided

            The
trial court found that Cindy was entitled to one-half of the value of the
corpus as of the time of R.V.’s death. 
On appeal, both Cindy and Diane argue that the decree is clear and
unambiguous, but they disagree on how the decree treats the plan’s corpus.  Diane contends that the decree awards the
corpus of the savings plan to R.V.  Cindy
contends that “it is much more reasonable to assume that the decree attempted
to divide” the plan’s corpus between R.V. and herself.  Cindy also argues that, if we conclude that
the decree failed to divide the plan’s corpus, that corpus was undivided
community property and is, thus, jointly owned by R.V. and Cindy.  We are constrained to adopt this third
alternative.

            “An
agreed divorce decree is a contract subject to the usual rules of contract
interpretation.”  Chapman v. Abbot, 251 S.W.3d 612, 616 (Tex. App.—Houston [1st
Dist.] 2007, no pet.); see also
McCollough v. McCollough, 212 S.W.3d 638, 642 (Tex. App.—Austin 2006, no
pet.) (alimony agreements and other marital property agreements, even when
incorporated into divorce decrees, are enforceable as contracts and governed by
contract law).  In construing an
agreement, we must first determine whether the contract is clear and
unambiguous, or whether its enforcement requires parol evidence.  J.M.
Davidson, Inc. v. Webster, 128
S.W.3d 223, 229 (Tex. 2003).  If the
contract can be given a certain or definite legal meaning or interpretation,
then it is not ambiguous, and the court will construe it as a matter of
law.  Coker
v. Coker, 650 S.W.2d 391, 393 (Tex. 1983); Guerrero v. Guerrero, 165 S.W.3d 778, 782 (Tex. App.––San Antonio
2005, no pet.).  If, however, a contract
is capable of more than one reasonable interpretation, it is ambiguous.[5]  Am.
Mfrs. Mut. Ins. Co. v. Schaefer, 124 S.W.3d 154, 157 (Tex. 2003); Guerrero, 165 S.W.3d at 782.  Whether a contract is ambiguous is a question
of law that we review de novo.  Shanks v. Treadway, 110 S.W.3d 444, 447
(Tex. 2003).

            In
construing a written contract, our primary concern is to ascertain the true
intentions of the parties as expressed in the instrument.  Coker,
650 S.W.2d at 393.  To achieve this
objective, we should examine and consider the entire writing in an effort to harmonize
and give effect to all the provisions of the contract so that none will be
rendered meaningless.  Id. 
We presume that the parties to a contract intend every clause to have
some effect, and we give terms their plain, ordinary, and generally accepted
meaning unless the instrument shows that the parties used them in a technical
or different sense.  Heritage Res., Inc. v. NationsBank, 939 S.W.2d 118, 121
(Tex. 1996).  Unless the contract is
ambiguous, the court will enforce it as written.  Id.  A court may not rewrite the parties’ contract
or add to its language under the guise of interpretation.  Schaefer,
124 S.W.3d at 162.

            Here,
the decree awards R.V. one-half of the yearly payments from the savings plan
and orders him to pay the remaining one-half of each yearly payment to Cindy:

One-half of the yearly checks from Champion
Savings Plan . . . held in the name of R.V. Maddox, pin number 3336 which are
made payable to R.V. Maddox.  IT IS
ORDERED that R.V. Maddox shall be the designated constructive trustee for the
benefit of WINDA LOU CINDY MADDOX for the remaining one-half of the monthly checks
and R.V. MADDOX is ordered to pay to WINDA LOU CINDY MADDOX one-half of the
monthly amount received by R.V. MADDOX within ten (10) days of the receipt of
each check.

 

A similar provision specifically
awards Cindy one-half of each yearly payment from the savings plan:

One-half of the amount of the yearly check from
Champion Savings Plan . . . held in the name of R.V. Maddox, pin number 3336
which are made payable to R.V. Maddox, to be paid to WINDA LOU CINDY MADDOX
within ten (10) days of the receipt of each monthly check by R.V. Maddox.

 

The provision at issue is the
decree’s employment-benefit catch-all provision that awards R.V. any and all “other
benefits existing by reason of [R.V.’s] past, present, or future employment
except the Champion Savings Plan pin number 3336 as set forth above.”  There is no specific distribution of, or
reference to, the plan’s corpus.

            Diane
contends that the corpus of the Champion Savings Plan passes to R.V. under the
employment-benefit catch-all provision. 
Cindy argues that the decree divided the corpus equally between R.V. and
herself, or, in the alternative, that the decree leaves the corpus
undivided.  

            Here,
the decree is unambiguous, and therefore, “our responsibility is to construe
the decree as written” and apply its literal language, because the court has no
authority to alter or modify the original disposition of property.  Reiss v.
Reiss, 118 S.W.3d 439, 441–42 (Tex. 2003); Shanks, 110 S.W.3d at 448; In
re Marriage of McDonald, 118 S.W.3d 829, 832 (Tex. App.––Texarkana 2003,
pet. denied).  While the decree
distributes the yearly payments from the plan, it does not provide for the plan’s
corpus.  No language in the decree can
reasonably be interpreted to distribute one-half of the corpus to Cindy.  Nor can the decree’s language reasonably be
interpreted to distribute the corpus to R.V. 
Benefits from the plan are specifically excluded from the employment-related
benefits passing to R.V. under the employment-benefit catch-all provision.  When the catch-all provision is read as a
whole, the phrase “as set forth above” is merely a reference to previous
distributions from the plan, rather than a limitation on the properties
excluded from the catch-all, as is argued by Diane.  Therefore, the corpus is left undivided by
the decree.

            Here,
the trial court properly found that “[t]he final decree disposed of ‘the yearly
checks’ from the Champion Savings Plan, pin number 3336 but did not otherwise
reference or distinguish ‘the yearly checks’ from any balance or residuary of
the savings plan.”  The effect of the
decree’s language leaves the corpus, a piece of community property,[6]
undivided.[7]

            When
a decree of divorce does not dispose of all community property, the former
husband and wife become cotenants or joint owners of the property, and either
former spouse may then bring suit to divide the “overlooked” piece of community
property.  Harrell v. Harrell, 692 S.W.2d 876 (Tex. 1985); In re Marriage of Notash, 118 S.W.3d 868
(Tex. App.—Texarkana 2003, no pet.); Burgess
v. Easley, 893 S.W.2d 87 (Tex. App.—Dallas 1994, no writ).  The trial court properly construed the decree
and was within its discretion in awarding Cindy one-half of the plan’s
corpus.  See Tex. Fam. Code Ann.
§ 9.201 (Vernon 2006) (subsequent suit regarding undivided marital property),
§ 9.203(a) (Vernon 2006) (divide undivided marital property “in a manner
that the court deems just and right, having due regard for the rights of each
party . . . .”).

            We
affirm the trial court’s judgment.

 

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          February
8, 2011

Date Decided:             March
9, 2011

 











[1]The
decree’s payment provisions reference both yearly and monthly payments from the
plan.  The parties dispute the
significance of this discrepancy, but it is irrelevant to the issue of the
plan’s corpus.

 





[2]The
plan is referred to in the decree as the “Champion Savings Plan,” as well as
“Champion Savings Plan pin number 3336.”





 

[3]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization efforts.  See Tex. Gov’t Code Ann. § 73.001 (Vernon
2005).  We are unaware of any conflict
between precedent of the Twelfth Court of Appeals and that of this Court on any
relevant issue.  See Tex. R. App. P.
41.3.





[4]See Egelhoff v. Egelhoff, 532 U.S. 141,
146 (2001); Barnett v. Barnett, 67
S.W.3d 107, 122–23 (Tex. 2001).





[5]Merely
because the parties argue different interpretations does not make an agreement
ambiguous.  Guerrero, 165 S.W.3d at 782.





[6]It
was undisputed that the funds in the savings plan at the time of R.V.’s death
were community property.

 





[7]Citing
our decision in Stephens v. Marlowe,
Diane contends that we must presume that the decree partitioned all the
community estate.  20 S.W.3d 250, 254
(Tex. App.—Texarkana 2000, no pet.).  Marlowe, however, creates no such
presumption, but rather reaffirms that the party “requesting partition [of
community property], had the burden to prove” that the previous divorce
proceedings and decree “did not consider or dispose of” the property at
issue.  Id.  In this case, no one
disputed that Cindy had the burden of proving that the decree did not dispose
of the plan’s corpus.