Glenna ROGERS et al., Appellants,

v.

Mary GUNN et al., Appellees.

No. 8664.

Court of Civil Appeals of Texas, Amarillo.

Dec. 20, 1976.

Howard Traweek, Matador, Williams, Broughton & Forbis; John T. Forbis, Childress, for appellants.

Heatly & Heatly, W. H. Heatly, Paducah, for appellees.

ROBINSON, Justice.

The question to be determined in this trespass to try title suit is the effective date of a deed to separate property of a married woman, Mary Hall, signed by her and her husband. The deed in question was dated at a time when the grantee, Raldo Martin, was single and was acknowledged by Mary Hall and her husband and filed for record on later dates, all of which were at times when Raldo Martin was married to Allie Martin. Plaintiffs, as the heirs at law of Allie Martin, contend that the conveyance was not effective until privily acknowledged by the married woman grantor and that the property in question is, thus, presumed to have been the community property of the spouses, Raldo and Allie Martin.

Defendants and cross plaintiffs, as heirs at law of Raldo Martin, contend that the conveyance was effective on the date of the deed recited in its body, and was, thus, the separate property of Raldo Martin. The facts are undisputed. The trial court entered summary judgment for defendants and cross plaintiffs. Plaintiffs, heirs at law of Allie Martin, appeal. Affirmed.

Defendants' summary judgment evidence includes an affidavit by Mary Hall that the deed was executed by her and her husband on the date of the deed, January 16, 1946, and delivered to Raldo Martin on that date; that it was their intention that the deed take effect January 16, 1946, and that Raldo Martin took possession of the property on that date. She stated that after the execution and after the delivery of the deed, it was called to their attention that the deed was not properly notarized. There is no summary judgment evidence to the contrary.

In the absence of evidence to the contrary, a deed will be presumed to have been delivered on the date of its execution and acknowledgment. *Lerman v. Implement Dealers Mutual Insurance Company*, 382 S.W.2d 285 (Tex.Civ.App.—Houston 1964, writ ref'd n. r. e.); *Lichtenstein v. F & M National Bank of Kaufman*, 372 S.W.2d 716 (Tex.Civ.App.—Dallas 1963, no writ). And where a deed is dated one date and the acknowledgment is on a different date, it will be presumed that it was delivered on the date of the deed and not on the date of the acknowledgment in the absence of evidence showing the date it was actually delivered. *Popplewell v. City of Mission*, 342 S.W.2d 52 (Tex.Civ.App.—San Antonio 1960, writ ref'd n. r. e.).

Plaintiffs do not deny that this is the general rule, but contend that it does not apply to the facts before us because Tex. Laws 1897, Ch. 40, § 1, at 41, 10 H. Gammel, Laws of Texas 1095 (1897),[1] later repealed but in effect at the time, provided with regard to a conveyance by a married woman as follows:

1. Last codified as Vernon's Ann.Civ.St. art. 1299 (1962).

"...  and no such conveyance shall take effect until the same shall have been acknowledged by her privily and apart from her husband before some officer authorized by law to take acknowledgments to deeds for the purpose of being recorded, and certified to in the mode pointed out in Article 4621."

An analogous case is *Halbert v. Hendrix*, 26 S.W. 911 (Tex.Civ.App.1894, writ ref'd). There the wife executed a power of attorney to her husband to sell her separate property. When she learned that the deed so executed was insufficient to pass title, she signed the deed herself and made a privy acknowledgment. The court said that until then no title had passed, but when she executed the deed and made the privy acknowledgment, no third party interest having intervened, the title related back to the time of the original delivery of the deed.

■ The nature of property, separate or community, is determined as of the time of the incipiency of the right in the property. *Williamson v. Williamson*, 457 S.W.2d 311 (Tex.Civ.App.—Austin 1970, no writ); *Bryan v. Bryan*, 262 S.W.2d 736 (Tex.Civ. App.—Texarkana 1953, writ ref'd n. r. e.).

■ We conclude that the summary judgment evidence establishes as a matter of law that the effective date of the deed in question was before the marriage of Raldo and Allie Martin, and that the property in question was the separate property of Raldo Martin.

Appellants plaintiffs conceded in oral argument that they could not prevail on their first two points of error; therefore, we will not discuss those points in this opinion.

Each of appellants' points of error is overruled. The judgment of the trial court is affirmed.