Emma Charlene Easley **BURGESS,**
Appellant,

v.

Michael George **EASLEY,** Appellee.

No. 05–94–00049–CV.

Court of Appeals of Texas,
Dallas.

Dec. 30, 1994.

Rehearing Denied Feb. 14, 1995.

James C. Boone, Jr., Palestine, for appellant.

Kenneth W. King, Commerce, for appellee.

Before BAKER, KINKEADE, and MORRIS, JJ.

## OPINION

MORRIS, Justice.

Emma Easley Burgess appeals from a take-nothing judgment in her post-divorce lawsuit to partition real property. She argues Michael Easley's parents, H.L. and E.L. Easley, deeded the property in question to Michael during her marriage to him. She argues the property was community property as a matter of law. She maintains the trial court erred in not declaring her and Michael tenants in common and in not partitioning the property. Emma further asserts the trial court erred in allowing H.L. Easley to testify about his intent when he conveyed the property. She also argues the trial court erred in not awarding attorneys fees. We

conclude the trial court rendered the correct judgment. We accordingly affirm the trial court's judgment.

## FACTUAL BACKGROUND

Emma and Michael married on January 25, 1980. They divorced on May 18, 1984. In 1991, Emma sued Michael for child support and to terminate his parental rights. She served him with written interrogatories. Michael's answers revealed he owned real property in Hunt County. Emma discovered Michael's parents apparently had deeded this property to him while she and Michael were married. She believed, therefore, the property was a community asset and that the divorce court should have divided the property. Emma filed suit asking the trial court to partition the property.[1]

The deed to the Hunt County property showed that Michael's parents "for and in consideration of [$10.00] granted, sold and conveyed" the property to him, retaining a life estate. The Easleys executed and acknowledged the deed on July 28, 1980. The parties do not dispute the Easleys signed the deed during Emma and Michael's marriage, nor that the Easleys did not record the deed until after Emma and Michael were divorced.

Emma testified at the trial before the court. She said she did not know about the property during the marriage. She said the property division at divorce did not include the property. She claimed the deed showed on its face that the Easleys conveyed the property during her and Michael's marriage. She argued the property was community property. Emma maintained that because the property division did not divide the property, she was a tenant in common with Michael as a matter of law and had the right to seek partition.

H.L. Easley testified he signed the deed to Michael on July 28, 1980. Easley said he and his wife, who was deceased at the time of trial, decided to divide their property and give it to their four sons. He said he signed four deeds to the property but kept all the

---

1. See Tex.Fam.Code Ann §§ 3.63, 3.90, 3.91 (Vernon 1993); Tex.Prop.Code Ann. § 23.001 (Vernon 1984).

deeds in his possession because he was not "ready to give it to them right then." He recorded the deed to Michael on July 18, 1984. The deed recited consideration for the conveyance, but Easley said Michael did not purchase the property. Easley instead claimed the property conveyance was a gift.

Michael testified he did not purchase the property. He said that in early 1980 he became aware his parents discussed transferring their property to him and his three brothers. Michael testified, however, he did not know they had actually signed the deed or transferred the property. He also said he did not know his father recorded the deed in 1984. Michael claimed he did not know of the property transfer until his father gave him the deed to the property in January 1991.

## DISCUSSION

In her first point of error, Emma contends the trial court erred in failing to declare under the Texas Family Code that she and Michael owned the Hunt County property as tenants in common. She argues the deed on its face reflects that Michael purchased the property during their marriage and the Easleys conveyed the property at that time. She argues the trial court should have partitioned the property as provided for in the Texas Property Code.

■■■ Section 3.63 of the Texas Family Code provides that in a divorce a trial court shall divide the parties' marital estate in a manner which the court determines is just and right, having regard for the rights of each party and any children of the marriage. *See* TEX.FAM.CODE ANN. § 3.63 (Vernon 1993); *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex.1981). The parties' marital estate refers only to community property. *Cameron v. Cameron*, 641 S.W.2d 210, 214–15 (Tex. 1982); *see also* TEX.FAM.CODE ANN. § 5.01(b) (Vernon 1993). The trial court must determine the exact nature and ownership of the parties' community property to dispose of it properly. *See Isenberg v. Isenberg*, 510 S.W.2d 364, 365 (Tex.Civ.App.—San Antonio 1974, no writ). When it develops after divorce that the trial court did not dispose of all community property, the former husband

and wife become co-tenants or joint owners of the property. *Taylor v. Catalon*, 140 Tex. 38, 41–42, 166 S.W.2d 102, 104 (1942). A former spouse may then bring suit to divide the "overlooked" community property. *See* TEX.FAM.CODE ANN. § 3.90 (Vernon 1993); TEX.PROP.CODE ANN. § 23.001 (Vernon 1984).

■■■ In an action brought under section 3.90 of the Texas Family Code, a trial court presumes property owned by either spouse during or at dissolution of marriage is community property. *See* TEX.FAM.CODE ANN. §§ 3.90, 5.02 (Vernon 1993). Michael's burden to rebut this presumption is to prove by clear and convincing evidence that the property was his separate property, that he did not own the property during marriage, or that he got the property during marriage by gift, devise, or descent. *See id.* §§ 5.01(a), 5.02. The trial court's task is to determine when Michael's rights in the property vested and whether he and Emma were married at that time or whether the acquisition was by gift, devise, or descent. *See Williamson v. Williamson*, 457 S.W.2d 311, 314 (Tex.Civ. App.—Austin 1970, no writ). As a matter of law, the property in this case would not be community property if Michael and Emma were not married when his rights vested. *See id.*

■■■ An instrument conveying real property "must be subscribed *and* delivered by the conveyor. . . ." TEX.PROP.CODE ANN. § 5.021 (Vernon 1984) (emphasis added). Without evidence to the contrary, the law presumes a grantor delivers a deed on the date of execution and acknowledgement. *Hicks v. Loveless*, 714 S.W.2d 30, 32 (Tex. App.—Dallas 1986, writ ref'd n.r.e.); *Lichtenstein v. F & M Nat'l Bank*, 372 S.W.2d 716, 718 (Tex.Civ.App.—Dallas 1963, no writ). When a grantor places a deed within the grantee's control, intending it to operate as a conveyance, the grantee's rights in the property vest. *See Steffian v. Milmo Nat'l Bank*, 69 Tex. 513, 518, 6 S.W. 823, 824 (1888). The grantor's delivery of a deed is as necessary as the grantor's signing of a deed. *See id; McGowen v. Montgomery*, 248 S.W.2d 789, 792 (Tex.Civ.App.—Amarillo 1952, no writ). What constitutes delivery of

a deed is a question of law. Whether there has been a delivery is a question of fact. *Kuhn v. Downs,* 208 S.W.2d 154, 155 (Tex. Civ.App.—Waco 1948, writ ref'd n.r.e.).

 A trial court determines the question of delivery from all the facts and circumstances of the case. *Thornton v. Rains,* 157 Tex. 65, 69, 299 S.W.2d 287, 288 (1957). The undisputed fact that H.L. Easley and his wife executed and acknowledged the deed during Emma and Michael's marriage does not resolve the question of when the Easleys delivered the deed. *See Kuhn,* 208 S.W.2d at 155. Although the trial court may presume delivery occurs on the date a grantor signs and acknowledges a deed, Michael could overcome this presumption by showing the grantor did not intend to deliver the deed on that date. *See Stephens County Museum, Inc. v. Swenson,* 517 S.W.2d 257, 262 (Tex.1974); *Thornton,* 157 Tex. at 68, 299 S.W.2d at 288. We conclude Michael made this showing.

In his testimony, H.L. Easley said he did not actually deliver the deed during Emma and Michael's marriage. He testified that after he signed the four deeds to his sons, he retained possession of the deeds because he was not "ready to give it to them right then." He stated he recorded Michael's deed on July 18, 1984. Easley's testimony was not controverted.

Even though the deed recited consideration for the conveyance, Michael had no right in the property itself until the deed was delivered. The earliest time his rights in the subject property vested was when H.L. Easley recorded the deed on July 18, 1984. Recording the deed constructively delivered the deed to Michael. *See Levy v. Winfree,* 99 S.W.2d 1043, 1047 (Tex.Civ.App.—Galveston 1936, no writ). We hold that Michael's rights in the property did not vest until July 18, 1984, two months after his marriage to Emma ended. The property was not community property and, therefore, not subject to division pursuant to section 3.90 of the Texas Family Code. We overrule Emma's first point of error.

 In Emma's second point of error, she argues the trial court erred in allowing H.L. Easley to testify about the deed. Emma maintains the deed is unambiguous. She argues the instrument shows the Easleys signed and acknowledged the deed during her and Michael's marriage. She argues the trial court erred in permitting H.L. Easley to create an ambiguity about or change the character of the deed.[2] We agree with Emma that the deed is unambiguous.

 Assuming, without deciding, that the trial court erred by permitting H.L. Easley to testify about his intent in making the property transfer, it nevertheless was not error for him to testify about whether he delivered the deed during his son's marriage to Emma. Unless there are allegations of fraud, accident, or mistake in the preparation or execution of the instrument, a trial court may not permit extrinsic evidence to modify the terms of an unambiguous deed. *See Davis v. Davis,* 141 Tex. 613, 617–18, 175 S.W.2d 226, 229 (1943). But a trial court may allow extrinsic evidence to show a deed's delivery or non-delivery. *See Steffian,* 69 Tex. at 519, 6 S.W. at 825; *Alaga v. Stubblefield,* 174 S.W.2d 627, 629 (Tex.Civ.App.—El Paso 1943, no writ). H.L. Easley's testimony was admissible to show he did not deliver the deed during Emma and Michael's marriage. We overrule Emma's second point of error.

 In Emma's third point of error, she argues the trial court erred in not awarding attorneys fees. A trial court may award reasonable attorneys fees in a suit to partition property that a court did not divide in a divorce proceeding. *See* Tex.Fam.Code Ann. § 3.93 (Vernon 1993). Such an award of attorneys fees is within the trial court's sound discretion. *See, e.g., Labowitz v. Labowitz,* 542 S.W.2d 922, 927 (Tex.Civ.App.—Dallas 1976, no writ); *Reyna v. Reyna,* 584

---

**2.** Appellant's attorney objected to H.L. Easley's testimony. The trial court told appellant's attorney, "I'm not ruling either way right now, but I think we need to get all evidence into the record. You're not waiving anything." In its findings of fact, the trial court found the deed was ambiguous and needed explanation. The trial court also found that it needed to interpret the deed's meaning and the grantors' intent, which made it necessary for H.L. Easley and Michael Easley to testify.

S.W.2d 926, 928 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). Because of our disposition of Emma's other points of error, we cannot say the trial court abused its discretion in refusing to award attorneys fees to her. Moreover, she has shown no abuse of discretion. We overrule point of error three.

We affirm the trial court's judgment.