02-10-329-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00329-CV

 

 


 
 
 ROGER L. STIRLING
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 LAURA L. STIRLING
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 16tH
District Court OF DENTON COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
Roger L. Stirling perfected this appeal from a post-divorce judgment
partitioning his Hercules, Inc. pension plan.  We will reverse and render
judgment in favor of Roger.

          Roger
and Appellee Laura L. Stirling were married May 4, 1985, and divorced December
8, 2008.  Both Roger and Laura were represented by counsel in their divorce.  The
“Agreed Final Decree of Divorce” granting them a divorce contains the following
provision describing the pension plans that were awarded to Roger:

          H-5.  The
sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise,
together with all increases thereof, the proceeds therefrom, and any other
rights related to any profit-sharing plan, retirement plan, Keogh plan, pension
plan, employee stock option plan, 401(k) plan, employee savings plan, accrued
unpaid bonuses, disability plan, or other benefits existing by reason of the
husband’s past, present, or future employment, including but not limited to:

 

                   a.       Toray
401(k) Savings Plan

 

                   b.       CTS
International 401(K) Plan

 

The decree
similarly awarded all pension plans in Laura’s name to her.  The parties did
not perfect any appeal.

          In
October 2009, Laura filed a petition for post-divorce division of community
property, alleging that Roger’s pension plan with Hercules, Inc. had not been
divided by the parties’ divorce decree.  The trial court held a hearing on
Laura’s petition for post-divorce division of community property[2]
and heard testimony regarding the Hercules, Inc. pension plan.  The record
reflected that Roger had worked for Hercules, Inc. for eleven years before the
marriage and for sixteen years after the marriage and that Roger was entitled
to a pension of approximately $2,000 per month after he turned sixty years old. 
Laura testified that no discovery was conducted in the divorce case and that
she was unaware of the Hercules, Inc. pension plan until she came across a
manila envelope marked “Pension -- Hercules Pension” in a file cabinet in the
home the couple previously resided in together.  The trial court signed a
judgment awarding Laura fifty percent of the community interest in Roger’s
Hercules, Inc. pension plan accruing from the date of marriage to the date of
divorce; awarding Roger as his separate property the amount accrued during the
eleven years he worked at Hercules, Inc. prior to the marriage; and ordering
Roger to pay Laura’s attorney’s fees of $2,364.73.

          At
Roger’s request, the trial court issued the following findings of fact and
conclusions of law:

1.       Findings
of Fact

 

          Laura L. Stirling
and Roger L. Stirling were divorced on or about December 8, 2008.

 

          After the
divorce on or about December 8, 2008, Laura L. Stirling filed a Petition for
Post Divorce Division of Community Property, on October 26, 2009, asking the
Court to divide Roger L. Stirling’s Pension with Hercules, which was not
divided in the divorce.

 

          This Court
had continuing, exclusive jurisdiction of this case as a result of prior
proceedings.

 

          After
hearing the evidence and argument of counsel and the testimony of the parties
on [March] 12, 2010, the Court determined that the pension with Hercules, Inc.
had not been divided in the divorce and that Petitioner, Laura L. Stirling was
entitled to fifty-percent of the pension from the date of marriage, May 4,
1985, through the date of divorce, December 8, 2008.

 

2.       Findings
of Fact as Conclusions of Law

 

          Any finding
of fact that is a conclusion of law shall be deemed a conclusion of law.

 

3.       Conclusions
of Law

 

          The
Post-Divorce Petition to Divide Previously Undivided Property is in due form
and contains all of the allegations as required by law.

 

          This Court
has jurisdiction of the parties and the subject matter of this lawsuit.

 

          Roger L.
Stirling’s previously undivided pension through Hercules, Inc. may be divided
by this Court.

 

          Laura L.
Stirling should be awarded fifty percent of Roger L. Stirling’s pension with
Hercules, Inc. Pension Plan from the date of marriage, May 4, 1985 through the
date of divorce, December 8, 2008.

 

          In
his sole issue, Roger argues that the unambiguous terms of the parties’ divorce
decree divided the entire community estate and awarded the Hercules, Inc.
pension plan to him.  Consequently, he argues that Laura’s collateral attack on
the divorce decree is barred by res judicata and that the trial court abused
its discretion by awarding attorney’s fees to Laura.

“Texas
courts follow an established procedure for interpreting property divisions in
divorce decrees.”  Wilde v. Murchie, 949 S.W.2d 331, 332 (Tex. 1997). 
Community property not awarded or partitioned by a divorce decree is subject to
later partition between the ex-spouses, who are considered joint tenants or
tenants in common.  Id.  When the decree is not silent with respect to
the property in question, general rules regarding construction of judgments
apply.  Id.  Thus, if the decree, when read as a whole, is unambiguous
as to the property’s disposition, the court must effectuate the order in light
of the literal language used.  Id.  That is, when an appeal is not
perfected from a final divorce decree, and that decree in fact unambiguously
divides all community property, then a subsequent claim for post-divorce
division of community property is barred by res judicata.  See id.;
see also Baxter v. Ruddle, 794 S.W.2d 761, 762 (Tex. 1990) (explaining
that res judicata applies to a final divorce decree to the same extent that it
applies to any other final judgment).  Whether a divorce decree is ambiguous is
a question of law subject to de novo review.  Shanks v. Treadway, 110
S.W.3d 444, 447 (Tex. 2003).

          Here,
the parties’ agreed divorce decree unambiguously divides the entire community
estate, including the Hercules, Inc. pension plan.  The decree’s language in section
15, provision H-5 dealing with Roger’s pension plans states that it is meant to
cover “[t]he sums, whether matured or unmatured, accrued or unaccrued, vested
or otherwise, together with all increases thereof, the proceeds therefrom, and
any other rights related to any . . . pension plan, . . . or other benefits
existing by reason of the husband’s past, present, or future employment . . .
.”  The decree expressly declines any limitation of provision H-5 to only the
two plans listed, stating that it “includ[es] but [is] not limited to” the two
plans listed.  Moreover, the decree awards both Laura and Roger their
respective pension plans; it does not award Laura any portion of any of Roger’s
pension plans.  Thus, the decree indicates no intent that either party share in
the retirement plans existing in the other’s name.  Reading the decree as a
whole, giving effect to the decree as a whole, as well as to the literal
language used in section H-5, the decree is unambiguous as to the disposition
of the Hercules, Inc. pension plan––it was awarded to Roger.[3] 
See Wilde, 949 S.W.2d at 333 (holding that court of appeals erred by
giving conclusive effect to fact that decree contained no express language of
divestiture and that court of appeals should have construed divorce decree as a
whole to determine what the trial court adjudicated from a fair reading of all
of the judgment’s provisions); Appleton v. Appleton, 76 S.W.3d 78, 85–86
(Tex. App.—Houston [14th Dist.] 2002, no pet.) (holding decree unambiguously
awarded stock purchase options to husband so that wife’s subsequent
post-divorce petition for division of this right was barred by res judicata);[4]
Stephens v. Marlowe, 20 S.W.3d 250, 255 (Tex. App.—Texarkana 2000, no
pet.) (holding that divorce decree language awarding “any and all sums” and
“any other rights” related to ex-wife’s pension plan to her was unambiguous and
that husband’s suit to partition was barred by res judicata); Archibald v.
Archibald, No. 01-08-00015-CV, 2009 WL 1562865, at *1–3 (Tex. App.—Houston
[1st Dist.] June 4, 2009, no pet.) (mem. op.) (holding that divorce decree language
awarding husband “all sums . . . or other benefits existing by reason of the
husband’s past, present, or future employment” was not ambiguous and that
wife’s suit to partition overtime benefits subsequently awarded to husband in
class action was barred by res judicata); see also Jacobs v. Cude, 641
S.W.2d 258, 260 (Tex. App.—Houston [14th Dist.] 1982, writ ref’d n.r.e.)
(holding that because the complained-of retirement benefits were included in
the residuary clause—which stated that any items or property not specifically
set forth shall be awarded as separate property—ex-wife’s attempt to relitigate
the issue was barred by res judicata).  Because the Hercules, Inc. pension plan
was disposed of in the parties’ divorce decree––it was awarded to Roger––Laura’s
claim for post-divorce partition of that asset is barred.  Accordingly, we sustain
this portion of Roger’s sole issue.

          In
the second part of his sole issue, Roger argues that the award of attorney’s
fees to Laura was improper.  A trial court may award reasonable attorney’s fees
in a statutory suit to partition property that a court did not divide in a
divorce proceeding.  See Tex. Fam. Code Ann. § 9.205 (West Supp. 2010). 
Such an award of attorney’s fees is within the trial court’s sound discretion. 
See Burgess v. Easley, 893 S.W.2d 87, 91–92 (Tex. App.—Dallas 1994, no
writ).

          Because
we have held that the Hercules, Inc. pension plan was expressly and
unambiguously awarded to Roger, leaving no pension plan for the trial court to divide
in a post-divorce action, no attorney’s fees are warranted.  The trial court
abused its discretion by awarding attorney’s fees to Laura on a claim for
post-divorce partition of an asset that was unambiguously awarded to Roger in
the divorce decree.  Cf. id. at 91–92 (holding that trial court did not
abuse its discretion by refusing to award attorney’s fees to ex-wife because
property she sought to have partitioned in post-divorce suit was not overlooked
in divorce action).  We sustain this remaining portion of Roger’s sole issue.

          Having
sustained Roger’s challenge to the trial court’s award to Laura of fifty
percent of the community property interest in Roger’s Hercules, Inc. pension plan
accruing from the date of marriage to the date of divorce, we reverse the trial
court’s judgment and render judgment that Laura take nothing on her claim for
post-divorce division of Roger’s Hercules, Inc. pension plan.  And having
sustained Roger’s claim that the trial court abused its discretion by awarding
attorney’s fees to Laura because she possessed no claim for partition of the
Hercules, Inc. pension plan, we reverse the trial court’s award of attorney’s
fees to Laura and render judgment that Laura take nothing on her claim for
attorney’s fees.[5]

 

 

SUE WALKER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; WALKER, and GABRIEL, JJ.

 

DELIVERED:  July 28, 2011









[1]See Tex. R. App. P. 47.4.





[2]Laura also alleged that
Roger had failed to disclose the existence of his Hercules, Inc. pension plan
and had thereby breached his fiduciary duty and had committed actual and
constructive fraud.  Roger filed an answer denying these claims and paid a jury
fee.  At the hearing on Laura’s motion for post-divorce division of property,
however, the parties agreed that the only issue before the court was “the simple
division issue.”





[3]The trial court did not
make a conclusion of law that the decree was ambiguous.  But to the extent that
conclusion must be implied because the trial court signed a post-divorce
judgment partitioning the Hercules, Inc. pension plan, we hold that it is
erroneous as a matter of law.  See, e.g., AMX Enters., L.L.P. v. Master
Realty Corp., 283 S.W.3d 506, 519 (Tex. App.—Fort Worth 2009, no pet.) (op.
on reh=g) (reviewing
conclusion of law for legal correctness).





[4]The Appleton court
applied contract principles to the agreed decree in that case.  Id. at
85–86.  The decree here contains express decretal language concerning the
division of the marital estate, so we apply judgment principles instead of
contract principles although the result would be the same either way.  See
In re Coppock, 277 S.W.3d 417, 420 (Tex. 2009) (orig. proceeding)
(explaining that “without decretal language making clear that a party is under
order, agreements incorporated into divorce decrees are enforced only as
contractual obligations”).





[5]Although Roger requested
attorney’s fees in his original answer, he does not argue in his appellate
brief that he is entitled to attorney’s fees or pray for remand for
consideration of any such claim.  Therefore, we need not address it.  See
Tex. R. App. P. 47.1.