

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00329-CV

ROGER L. STIRLING                                                          APPELLANT

V.

LAURA L. STIRLING                                                          APPELLEE

----------

## FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Roger L. Stirling perfected this appeal from a post-divorce judgment partitioning his Hercules, Inc. pension plan. We will reverse and render judgment in favor of Roger.

Roger and Appellee Laura L. Stirling were married May 4, 1985, and divorced December 8, 2008. Both Roger and Laura were represented by

---

[1]*See* Tex. R. App. P. 47.4.

counsel in their divorce. The "Agreed Final Decree of Divorce" granting them a divorce contains the following provision describing the pension plans that were awarded to Roger:

> H-5. The sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the husband's past, present, or future employment, including but not limited to:
>
> > a. Toray 401(k) Savings Plan
> >
> > b. CTS International 401(K) Plan

The decree similarly awarded all pension plans in Laura's name to her. The parties did not perfect any appeal.

In October 2009, Laura filed a petition for post-divorce division of community property, alleging that Roger's pension plan with Hercules, Inc. had not been divided by the parties' divorce decree. The trial court held a hearing on Laura's petition for post-divorce division of community property[2] and heard testimony regarding the Hercules, Inc. pension plan. The record reflected that Roger had worked for Hercules, Inc. for eleven years before the marriage and for

---

[2]Laura also alleged that Roger had failed to disclose the existence of his Hercules, Inc. pension plan and had thereby breached his fiduciary duty and had committed actual and constructive fraud. Roger filed an answer denying these claims and paid a jury fee. At the hearing on Laura's motion for post-divorce division of property, however, the parties agreed that the only issue before the court was "the simple division issue."

2

sixteen years after the marriage and that Roger was entitled to a pension of approximately $2,000 per month after he turned sixty years old. Laura testified that no discovery was conducted in the divorce case and that she was unaware of the Hercules, Inc. pension plan until she came across a manila envelope marked "Pension -- Hercules Pension" in a file cabinet in the home the couple previously resided in together. The trial court signed a judgment awarding Laura fifty percent of the community interest in Roger's Hercules, Inc. pension plan accruing from the date of marriage to the date of divorce; awarding Roger as his separate property the amount accrued during the eleven years he worked at Hercules, Inc. prior to the marriage; and ordering Roger to pay Laura's attorney's fees of $2,364.73.

At Roger's request, the trial court issued the following findings of fact and conclusions of law:

### 1. *Findings of Fact*

Laura L. Stirling and Roger L. Stirling were divorced on or about December 8, 2008.

After the divorce on or about December 8, 2008, Laura L. Stirling filed a Petition for Post Divorce Division of Community Property, on October 26, 2009, asking the Court to divide Roger L. Stirling's Pension with Hercules, which was not divided in the divorce.

This Court had continuing, exclusive jurisdiction of this case as a result of prior proceedings.

After hearing the evidence and argument of counsel and the testimony of the parties on [March] 12, 2010, the Court determined that the pension with Hercules, Inc. had not been divided in the

3

divorce and that Petitioner, Laura L. Stirling was entitled to fifty-percent of the pension from the date of marriage, May 4, 1985, through the date of divorce, December 8, 2008.

### 2. *Findings of Fact as Conclusions of Law*

Any finding of fact that is a conclusion of law shall be deemed a conclusion of law.

### 3. *Conclusions of Law*

The Post-Divorce Petition to Divide Previously Undivided Property is in due form and contains all of the allegations as required by law.

This Court has jurisdiction of the parties and the subject matter of this lawsuit.

Roger L. Stirling's previously undivided pension through Hercules, Inc. may be divided by this Court.

Laura L. Stirling should be awarded fifty percent of Roger L. Stirling's pension with Hercules, Inc. Pension Plan from the date of marriage, May 4, 1985 through the date of divorce, December 8, 2008.

In his sole issue, Roger argues that the unambiguous terms of the parties' divorce decree divided the entire community estate and awarded the Hercules, Inc. pension plan to him. Consequently, he argues that Laura's collateral attack on the divorce decree is barred by res judicata and that the trial court abused its discretion by awarding attorney's fees to Laura.

"Texas courts follow an established procedure for interpreting property divisions in divorce decrees." *Wilde v. Murchie*, 949 S.W.2d 331, 332 (Tex. 1997). Community property not awarded or partitioned by a divorce decree is subject to later partition between the ex-spouses, who are considered joint

4

tenants or tenants in common. *Id.* When the decree is not silent with respect to the property in question, general rules regarding construction of judgments apply. *Id.* Thus, if the decree, when read as a whole, is unambiguous as to the property's disposition, the court must effectuate the order in light of the literal language used. *Id.* That is, when an appeal is not perfected from a final divorce decree, and that decree in fact unambiguously divides all community property, then a subsequent claim for post-divorce division of community property is barred by res judicata. *See id.*; *see also Baxter v. Ruddle*, 794 S.W.2d 761, 762 (Tex. 1990) (explaining that res judicata applies to a final divorce decree to the same extent that it applies to any other final judgment). Whether a divorce decree is ambiguous is a question of law subject to de novo review. *Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003).

Here, the parties' agreed divorce decree unambiguously divides the entire community estate, including the Hercules, Inc. pension plan. The decree's language in section 15, provision H-5 dealing with Roger's pension plans states that it is meant to cover "[t]he sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any . . . pension plan, . . . or other benefits existing by reason of the husband's past, present, or future employment . . . ." The decree expressly declines any limitation of provision H-5 to only the two plans listed, stating that it "includ[es] but [is] not limited to" the two plans listed. Moreover, the decree awards both Laura and Roger their respective

5

pension plans; it does not award Laura any portion of any of Roger's pension plans. Thus, the decree indicates no intent that either party share in the retirement plans existing in the other's name. Reading the decree as a whole, giving effect to the decree as a whole, as well as to the literal language used in section H-5, the decree is unambiguous as to the disposition of the Hercules, Inc. pension plan—it was awarded to Roger.[3] *See Wilde*, 949 S.W.2d at 333 (holding that court of appeals erred by giving conclusive effect to fact that decree contained no express language of divestiture and that court of appeals should have construed divorce decree as a whole to determine what the trial court adjudicated from a fair reading of all of the judgment's provisions); *Appleton v. Appleton*, 76 S.W.3d 78, 85–86 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (holding decree unambiguously awarded stock purchase options to husband so that wife's subsequent post-divorce petition for division of this right was barred by res judicata);[4] *Stephens v. Marlowe*, 20 S.W.3d 250, 255 (Tex. App.—Texarkana

---

[3]The trial court did not make a conclusion of law that the decree was ambiguous. But to the extent that conclusion must be implied because the trial court signed a post-divorce judgment partitioning the Hercules, Inc. pension plan, we hold that it is erroneous as a matter of law. *See, e.g., AMX Enters., L.L.P. v. Master Realty Corp.*, 283 S.W.3d 506, 519 (Tex. App.—Fort Worth 2009, no pet.) (op. on reh'g) (reviewing conclusion of law for legal correctness).

[4]The *Appleton* court applied contract principles to the agreed decree in that case. *Id*. at 85–86. The decree here contains express decretal language concerning the division of the marital estate, so we apply judgment principles instead of contract principles although the result would be the same either way. *See In re Coppock*, 277 S.W.3d 417, 420 (Tex. 2009) (orig. proceeding) (explaining that "without decretal language making clear that a party is under

6

2000, no pet.) (holding that divorce decree language awarding "any and all sums" and "any other rights" related to ex-wife's pension plan to her was unambiguous and that husband's suit to partition was barred by res judicata); *Archibald v. Archibald*, No. 01-08-00015-CV, 2009 WL 1562865, at *1–3 (Tex. App.— Houston [1st Dist.] June 4, 2009, no pet.) (mem. op.) (holding that divorce decree language awarding husband "all sums . . . or other benefits existing by reason of the husband's past, present, or future employment" was not ambiguous and that wife's suit to partition overtime benefits subsequently awarded to husband in class action was barred by res judicata); *see also Jacobs v. Cude*, 641 S.W.2d 258, 260 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.) (holding that because the complained-of retirement benefits were included in the residuary clause—which stated that any items or property not specifically set forth shall be awarded as separate property—ex-wife's attempt to relitigate the issue was barred by res judicata). Because the Hercules, Inc. pension plan was disposed of in the parties' divorce decree—it was awarded to Roger—Laura's claim for post-divorce partition of that asset is barred. Accordingly, we sustain this portion of Roger's sole issue.

In the second part of his sole issue, Roger argues that the award of attorney's fees to Laura was improper. A trial court may award reasonable attorney's fees in a statutory suit to partition property that a court did not divide in

order, agreements incorporated into divorce decrees are enforced only as contractual obligations").

a divorce proceeding. *See* Tex. Fam. Code Ann. § 9.205 (West Supp. 2010). Such an award of attorney's fees is within the trial court's sound discretion. *See Burgess v. Easley*, 893 S.W.2d 87, 91–92 (Tex. App.—Dallas 1994, no writ).

Because we have held that the Hercules, Inc. pension plan was expressly and unambiguously awarded to Roger, leaving no pension plan for the trial court to divide in a post-divorce action, no attorney's fees are warranted. The trial court abused its discretion by awarding attorney's fees to Laura on a claim for post-divorce partition of an asset that was unambiguously awarded to Roger in the divorce decree. *Cf. id.* at 91–92 (holding that trial court did not abuse its discretion by refusing to award attorney's fees to ex-wife because property she sought to have partitioned in post-divorce suit was not overlooked in divorce action). We sustain this remaining portion of Roger's sole issue.

Having sustained Roger's challenge to the trial court's award to Laura of fifty percent of the community property interest in Roger's Hercules, Inc. pension plan accruing from the date of marriage to the date of divorce, we reverse the trial court's judgment and render judgment that Laura take nothing on her claim for post-divorce division of Roger's Hercules, Inc. pension plan. And having sustained Roger's claim that the trial court abused its discretion by awarding attorney's fees to Laura because she possessed no claim for partition of the Hercules, Inc. pension plan, we reverse the trial court's award of attorney's fees

to Laura and render judgment that Laura take nothing on her claim for attorney's fees.[5]

SUE WALKER<br>
JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER, and GABRIEL, JJ.

DELIVERED: July 28, 2011

---

[5]Although Roger requested attorney's fees in his original answer, he does not argue in his appellate brief that he is entitled to attorney's fees or pray for remand for consideration of any such claim. Therefore, we need not address it. *See* Tex. R. App. P. 47.1.